UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**CINDY POWELL,**

    **Plaintiff,**

                                  Civil Action 2:09-cv-00600
**vs.**                               Judge Algenon L. Marbley
                                  Magistrate Judge E. A. Preston Judge Deavers

**TIME WARNER CABLE, INC.,** *et al.*,

    **Defendants.**

## DISCOVERY OPINION AND ORDER

This matter is before the Court for consideration of Plaintiff's Motion for Order Requiring Defendants to Re-Open Deposition of Plaintiff for Purposes of Completion of Examination (Doc. 17). For the reasons that follow, Plaintiff's Motion is **GRANTED IN PART**.

In this employment discrimination and retaliation action, Defendant Time Warner Cable ("TWC") noticed and conducted the deposition of Plaintiff, Cindy Powell. The deposition spanned two, non-consecutive days. TWC bore the cost of the court reporter and videographer in attendance. At the conclusion of TWC's counsel's cross-examination, Plaintiff's counsel attempted to conduct re-direct examination in order to clarify Plaintiff's testimony. TWC's counsel objected, explaining that they interpreted Federal Rule of Civil Procedure 30 to apply only "to non-party witnesses in terms of examination and cross-examination and that [P]laintiff's counsel have every right to produce evidence on behalf of their client other than in [their] deposition." (Defs.' Mem. in Opp. at Ex. A., Bennett Aff. at Ex. A, Powell Dep. at 117.) TWC

then unilaterally concluded the deposition.

Following good faith efforts to resolve this and two other discovery disputes, Plaintiff contacted the Court. On October 13, 2010, the Court conducted a telephone conference to address the parties' discovery disputes. With regard to the deposition dispute, Plaintiff's counsel maintained that TWC's counsel's unilateral termination was improper and that the deposition should be reconvened. TWC maintained that Plaintiff's counsel was not entitled to depose his own client at the close of cross-examination because Plaintiff's counsel did not notice Plaintiff's deposition. The Court resolved the other discovery disputes and set an expedited briefing schedule for the deposition dispute so that the parties could more fully set forth their respective positions.

On October 18, 2010, Plaintiff filed the instant Motion (Doc. 17). Plaintiff seeks an order reconvening the deposition at TWC's counsel's expense so that Plaintiff's counsel may conduct re-direct examination. Plaintiff further requests that the Court order TWC to pay Plaintiff's costs and attorneys' fees in bringing this Motion.

TWC filed its Memorandum in Opposition (Doc. 19) on October 22, 2010. TWC counters that Plaintiff's counsel is free to depose his client, just not after TWC's cross-examination of Plaintiff at a deposition TWC noticed and for which it paid the expenses. TWC submits that Plaintiff's counsel must first notice Plaintiff for deposition and is responsible for the expenses of such a deposition.

The Court finds TWC's arguments unavailing. Federal Rule of Civil Procedure 30(c)(1) provides that "[t]he examination and cross-examination of a deponent proceed as they would at trial under the Federal Rules of Evidence . . . ." Fed. R. Civ. P. 30(c)(1). The Rule contemplates that *both* parties shall have the opportunity to examine a deponent, regardless of whether only

one party noticed the deposition. *See Spray Products, Inc. v. Strouse, Inc*., 31 F.R.D. 211, 212 (E.D. Pa.1962) (" '[I]f the party taking the deposition examines the deponent only as to one issue in the case, it would seem that another party may examine the deponent on any other issues by direct examination without the necessity of serving a prior notice of the taking of deposition.' " (quoting 4 James Wm. Moore *et al.*, Moore's Federal Practice ¶ 1185)); *F.C.C. v. Mizuho Medy Co. Ltd*., 257 F.R.D. 679, 681–82 (S.D. Cal. 2009) ("There is no formal requirement for a party seeking to cross-examine a deponent to serve a notice." (citations omitted)). *Cf. Smith v. Logansport Comm. Sch. Corp*., 139 F.R.D. 637, 642 (N.D. Ind. 1991) ("Whether counsel follow the usual order of witness interrogation or choose to modify the order, the principles which underlie modern discovery practice demand that each party represented at a deposition be afforded a full and fair opportunity for examination of the witness, subject only to the limitations provided by Rules 26(c) and 30(d)."); *Duttweiller v. Eagle Janitorial, Inc.,* No. 5:05-CV-0886, 2009 WL 1606351, at *4 (N.D.N.Y. June 4, 2009) (indicating that the "permissible procedural method" for the plaintiff to clarify her own deposition testimony was to have her own counsel examine her pursuant to Rule 30(c)(1) or to submit a signed statement listing the changes pursuant to Rule 30(e)(1)(B) rather than through an affidavit). Thus, in the instant case, Plaintiff's counsel was entitled to conduct re-direct examination upon TWC's completion of its cross-examination.

Because TWC terminated the deposition without any legitimate basis, Plaintiff and TWC shall arrange to reconvene the deposition of Plaintiff within fourteen days of this Order. Further, because Plaintiff would not have had to bear the cost of the court reporter and videographer had TWC not wrongfully terminated the deposition, TWC shall bear these expenses for the reconvened deposition. *See F.C.C.*, 257 F.R.D. at 683 (requiring the party who noticed and

subsequently wrongfully terminated the deposition to bear the costs of resuming the deposition "because [it] caused the need to continue the deposition" and to pay for the court reporter because the aggrieved party "would not have had to bear the cost of the court reporter had it proceeded with its questioning at the original deposition . . ."). Finally, the Court reserves its ruling on whether or not Plaintiff is entitled to reimbursement of her costs and attorney's fees in bringing this Motion under Federal Rule of Civil Procedure 37(a)(5)(A). Within **fourteen days** of the date of this Order, TWC shall **SHOW CAUSE** why the Court should not award costs and fees. Alternatively, if Plaintiff and TWC can reach an agreement on this issue within fourteen days of the date of this Order—and the Court strongly encourages a compromise, TWC shall notify the Court of such.

    **IT IS SO ORDERED.**


November 1, 2010                                                      /s/ *Elizabeth A. Preston Deavers*
                                                                                             Elizabeth A. Preston Deavers
                                                                                             United States Magistrate Judge