UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**CINDY POWELL,**

        **Plaintiff,**

**vs.**

                                       Civil Action 2:09-cv-00600
                                       Judge Algenon L. Marbley
                                       Magistrate Judge E.A. Preston Deavers

**TIME WARNER CABLE, INC.,** *et al.*,

        **Defendants.**

## DISCOVERY ORDER

       Plaintiff, Cindy Powell, brings this employment action against Defendants pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq*., and Ohio Revised Code Chapter 4112, asserting claims of gender discrimination and retaliation.  Additionally, Plaintiff asserts an Equal Pay Act claim pursuant to 29 U.S.C. § 206(d).  This matter is before the Court for consideration of Defendants' Motion to Compel Production of Subpoenaed Documents From Third-Party Mettler Toledo, Inc.  (ECF No. 26.)  For the reasons that follow, Defendants' Motion is **GRANTED IN PART AND DENIED IN PART WITHOUT PREJUDICE**.

### I.

       After Defendant Time Warner Cable ("TWC") terminated Plaintiff's employment in May 2008, Third-Party Mettler Toledo, Inc. ("MT") employed her for a period of eight months. During the course of discovery, TWC learned that MT terminated Plaintiff "for cause."  Seeking to discover information surrounding Plaintiff's termination, TWC sent MT a subpoena via certified mail, which MT received on October 13, 2010.  In addition to compensation records,

the subpoena sought documents relating to Plaintiff's hiring, termination, job performance, job duties and responsibilities, as well as all documents contained in Plaintiff's employee file and any documents sent to or received by Plaintiff relating to any of the foregoing categories. TWC also requests that this Court permit it to depose an MT corporate representative after the discovery cut-off.

MT's counsel initially responded that it could not comply with the subpoena because a contract it had entered into with Plaintiff following her employment limited what information it could release. In response, TWC requested and the Court granted additional time to conduct discovery with respect to MT. The parties then engaged in discussions about the propriety of MT's objection. On November 8, 2010, MT's counsel indicated that it intended to comply with TWC's subpoena. On November 12, 2010, however, MT produced documents relating only to Plaintiff's compensation, position, and dates of employment. MT's counsel also contacted TWC's counsel by phone and indicated that MT did not terminate Plaintiff for gross misconduct. MT declined to provide any other documents on the grounds that TWC's requests were overly broad, sought information not relevant to the lawsuit or likely to lead to the discovery of admissible evidence, and may seek information protected by the attorney-client privilege. MT did not provide TWC with a privilege log.

In support of its November 18, 2010 Motion to Compel, TWC asserts that "[t]he circumstances surrounding [Plaintiff's] termination from MT are relevant to this dispute because [Plaintiff's] termination from MT may serve to cut-off Plaintiff's alleged damages for wrongful termination from TWC." (Mot. to Compel 2, ECF No. 26.) TWC contends that MT has waived its objections as to the discovery on the bases of relevancy and overbreadth by failing to timely assert them.

2

In its Response, MT asserts that the Court should deny TWC's Motion because TWC failed to properly serve the subpoena and because MT has already produced all relevant documents.[1]  In support of its improper service argument, Plaintiff cites *McClendon v. TelOhio Credit Union, Inc*., No. 2:05-CV-1160, 2006 WL 2380601 (S.D. Ohio Aug. 14, 2006), for the proposition that Rule 45(b) does not permit service of a subpoena by certified mail.  As to relevancy, MT asserts that the documents TWC seeks are not relevant because Plaintiff was not terminated from MT for gross misconduct or a willful violation of company rules, as is required to toll backpay liability.

## II.

TWC seeks a Court order compelling MT to provide the subpoenaed documents.  Rule 45 of the Federal Rules of Civil Procedure governs third-party subpoenas.  Fed. R. Civ. P. 45.  Rule 45 permits parties in legal proceedings to command a non-party to attend a deposition, produce documents, and/or permit inspection of premises.  Fed. R. Civ. P. 45(a)(1).  The Rule provides that the person commanded to produce documents may serve an objection on the party or attorney designated in the subpoena within the earlier of fourteen days after the subpoena is served or the time specified for compliance.  Fed. R. Civ. P. 45(c)(2)(B).  If the commanded person objects, as MT does here, "the serving party may move the issuing court for an order compelling production or inspection."  *Id*.

Determining the scope of discovery is within this Court's discretion.  *Bush v. Dictaphone Corp.*, 161 F.3d 363, 367 (6th Cir. 1998).  As the United States Court of Appeals for the Sixth

---

[1]MT concedes that its agreement with Plaintiff does not "supercede[] its obligation to comply with a valid subpoena request for relevant information."  (MT's Response 3 n.2, ECF No. 31.)

Circuit has recognized, "[t]he scope of discovery under the Federal Rules of Civil Procedure is traditionally quite broad." *Lewis v. ACB Bus. Serv., Inc.*, 135 F.3d 389, 402 (6th Cir. 1998).  In particular, discovery is more liberal than the trial setting, as  Rule 26(b) allows any "line of interrogation [that] is reasonably calculated to lead to the discovery of admissible evidence." *Id.* (quoting *Mellon v. Cooper-Jarrett, Inc.*, 424 F.2d 499, 501 (6th Cir. 1970)).  In other terms, the Court construes discovery under Rule 26 "broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978).  In considering the scope of discovery, the Court may balance Plaintiffs' "right to discovery with the need to prevent 'fishing expeditions.'" *Conti v. Am. Axle and Mfg., Inc.*, 326 Fed. Appx. 900, 907 (6th Cir. 2009) (quoting *Bush*, 161 F.3d at 367).

## III.

### A.    Service

As a preliminary matter, the Court rejects MT's assertion that "there is no subpoena to enforce" because TWC failed to properly serve the subpoena on MT.  (MT's Response 3, ECF No. 31.)  Rule 45(b) provides that "[s]erving a subpoena requires delivering a copy to the named person and, if the subpoena requires that person's attendance, tendering the fees for 1 day's attendance and the mileage allowed by law."  Fed. R. Civ. P. 45(b).  The Rule does not specify what methods of delivery are appropriate.

The Sixth Circuit has not yet passed on whether Rule 45 requires personal service of a subpoena.  District courts considering the issue have reached differing conclusions.  *Compare McClendon*, 2006 WL 2380601, at *2 (noting "in passing" that Rule 45(b)(1) requires personal service of subpoenas and does not permit service by certified mail), *Taylor v. Countrywide Home*

*Loans*, No. 08-13258, 2009 WL 1913417, at *5 (E.D. Mich. June 30, 2009) (noting that Rule 45 requires personal service), *Benford v. American Broadcasting*, 98 F.R.D. 40, 41 (D. Md. 1983) (same), *and Chima v. U.S. Department of Defense*, 23 F.App'x 721, 725 (9th Cir. 2001) (noting that subpoenas not personally served were "defectively served"), *with Halawani v. Wolfengarger,* No. 07-15483, 2008 WL 5188813, at *4 (E.D. Mich. Dec. 10, 2008) (Rule 45 does not require personal service), *Laun v. Laun*, No. 1:06-CV-246, 2007 WL 178607, at *1 n.1 (N.D. Ind. Jan. 19, 2007) (noting that service by certified mail "appears adequate" under Rule 45), *Hall v. Sullivan*, 229 F.R.D. 501, (D. Md. 2005) (holding that personal service of a subpoena *duces tecum* is not required "so long as the service is in a manner that reasonably ensures actual receipt of the subpoena"), *King v. Crown Plastering*, 170 F.R.D. 355 (E.D.N.Y. 1997) (same), *Doe v. Hersemann*, 155 F.R.D. 630 (N.D. Ind. 1994) (holding that service of a subpoena via certified mail is sufficient under Rule 45, particularly when the recipient does not deny actual receipt), *Western Resources v. Union Pacific R.R.*, No. 00-2043-CM, 2002 WL 1822432, at *3–4 (D. Kan. July 23, 2002) (holding that Rule 45 is not limited to personal service), *and Franklin v. State Farm Fire and Cas. Co.*, No. 2009 WL 3152993, at *2 (E.D. Mich. Sept. 30, 2009) (authorizing service of subpoena via certified mail in light of party's inability to effectuate personal service).  The courts construing Rule 45's service requirements more broadly acknowledge the textual ambiguity and cite to Federal Rule of Civil Procedure 1's mandate that the rules "be construed and administered to secure the just, speedy, and inexpensive determination of every action and proceeding."  Fed. R. Civ. P. 1.  Citing Rule 4(e)'s explicit personal service requirement, these courts also assert that the drafters knew how to indicate a personal service requirement, but chose not to do so in Rule 45.  These courts have held that service is effective so long as it "reasonably insures actual receipt of the subpoena."  *E.g.,*

5

*Halawani*, 2008 WL 5188813 at *3; *Franklin*, 2009 WL 3152993 at *2.  The Court agrees with and adopts the analyses of those courts finding that service of a subpoena is effective so long as it reasonably insures actual receipt.

Under the circumstances presented in the instant case, the Court finds that TWC's service of the subject subpoena via certified mail satisfies Rule 45(b)'s service requirements.  Counsel for TWC and MT communicated prior to issuance of the subpoena.  Through these communications, TWC gained actual knowledge of and the contact information for the proper individual within MT to receive the subpoena.  It is undiputed that MT actually received the subpoena.  Indeed, MT produced some documents in response to the subpoena.  Moreover, MT accepted service of the subpoena without raising the issue of improper service, even though it raised several other objections.  MT first objected to TWC's method of service in its Response, nearly two months after TWC issued the subpoena.  Under these circumstances, even if the Court were to interpret Rule 45 to require personal service, MT has waived any claim of defective service.

**B.     Timeliness of MT's Objections**

The Court also rejects TWC's assertion that MT waived its objections because it failed to serve written objections within 14 days after service of the subpoena.  A commanded party's "failure to serve written objections to a subpoena within the time specified by Rule 45 typically constitutes a waiver of such objections." *Am. Elec. Power Co., Inc. v. U.S.*, 191 F.R.D. 132, 136 (S.D. Ohio 1999) (citing *Concord Boat Corp. v. Brunswick Corp.*, 169 F.R.D. 44, 48 (S.D.N.Y. 1996); *Angell v. Shawmut Bank Connecticut Nat'l Assoc.*, 153 F.R.D. 585, 590 (M.D.N.C. 1994)).  "In unusual circumstances and for good cause, however, the failure to act timely will not bar consideration of objections." *Am. Elec. Power*, 191 F.R.D. at 136 (quotation marks and

citation omitted).  Courts have found that unusual circumstances exist where:

> (1) the subpoena is overbroad on its face and exceeds the bounds of fair
> discovery; (2) the subpoenaed witness is a non-party acting in good faith; and (3)
> counsel for the witness and counsel for the subpoenaing party were in contact
> concerning the witness's compliance prior to the time the witness challenged the
> legal basis for the subpoena.

*Zamorano v. Wayne State Univ.*, No. 07-12943, 2008 WL 597224, at *1 (E.D. Mich. March 3,

2008) (citing *Am. Elec. Power*, 191 F.R.D. at 136–37)).  In *American Electric Power*, the court

applied the "unusual circumstances" exception to find that the subpoenaed party had not waived

its right to object where the subpoenaed party was a non-party; there was no showing of bad

faith; the subpoenaed party had produced documents and cooperated with the issuing party; and

the counsel for the subpoenaed and issuing parties had been engaged in ongoing communications

concerning the subpoenaed parties' objections.  191 F.R.D. at 137.

      The circumstances of the instant case weigh against a strict application of Rule

45(c)(2)(B)'s 14-day deadline for objections.  It is undisputed that MT is a non-party and that the

parties' counsel engaged in continuing communications regarding the whether MT could comply

with the subpoena due to its prior agreements with Plaintiff.  MT raised these concerns with

TWC within 14 days after being served with the subpoena.  On November 7, 2010, in response

to the concerns MT raised, TWC wrote MT, providing case law for MT to review and asking MT

to reconsider its position.  The very next day, MT indicated that it intended to comply with

TWC's subpoena and asked TWC for an extension of time to respond, until November 12, 2010.

On November 12, 2010, TWC produced some of the requested records and objected to the

remainder of the documents requested.  There is no suggestion that MT is acting in bad faith.

Under these circumstances, the Court concludes that MT has not waived its right to object to

TWC's subpoena.

**C.      MT's Objections**

The Court overrules MT's objections with regards to TWC's request for documents relating to MT's termination of Plaintiff's employment because the Court finds that this request is reasonably calculated to lead to the discovery of admissible evidence relevant to TWC's mitigation of damages defense.  In light of an employee's duty to mitigate, the Sixth Circuit, in *Thurman v. Yellow Freight Sys., Inc.*, 90 F.3d 1160 (6th Cir. 1996), indicated that an employer's backpay liability is tolled when an interim employer discharges that employee "for cause due to [the employee's] wilful violation of company rules."  90 F.3d at 1169.  The *Thurman* Court also noted that backpay liability is likewise tolled when an interim employer discharges that employee for cause because the employee "committed a gross or egregious wrong."  *Id*. Contrary to MT's assertion, neither TWC nor the jury is required to accept MT's counsel's representation that MT did not terminate Plaintiff for gross misconduct or a wilful violation.  *Cf. Bila v. Radioshack Corp*., No. 03-10177-BC, 2006 WL 374763, at *2 (E.D. Mich. Feb. 16, 2006) ("The defendant is entitled to present evidence to the jury that the plaintiff's conduct caused him to lose a job that otherwise would have mitigated his loss of wages from the defendant."). Rather, TWC is entitled to discover documents reflecting the reasons for Plaintiff's termination. To the extent MT claims that any of the responsive documents are privileged, pursuant to Rule 45(d)(2), MT may submit a privilege log describing the nature of each document withheld and reason.  Fed. R. Civ. P. 45(d)(2)(A)(ii).

The Court agrees with MT that the remainder of the information the subpoena seeks (excluding the information MT has already provided) is not reasonably calculated to lead to the discovery of admissible evidence relevant to TWC's mitigation of damages defense.  As noted above, TWC is entitled to discover documents reflecting the reasons for Plaintiff's termination.

8

TWC's subpoena, however, as it is currently drafted, is overly broad because it seeks documents beyond those pertaining to Plaintiff's termination. Accordingly, the Court shall narrow the scope of the subpoena, limiting it to seek production of only those documents from MT that reflect the reasons for Plaintiff's termination. If, after reviewing the documents produced pursuant to the modified subpoena, TWC believes that it requires additional information relating to whether Plaintiff acted wilfully or committed a gross or egregious wrong resulting in her termination, TWC may return to the Court to seek an order permitting additional discovery, including an order permitting TWC to subpoena the MT representative most knowledgeable about the reasons for Plaintiff's termination for deposition.

**IV.**

For the foregoing reasons, the Court **GRANTS IN PART AND DENIES IN PART** TWC's Motion to Compel. (ECF No. 26). Insofar as TWC seeks to discover documents reflecting the reasons for Plaintiff's termination, its Motion is **GRANTED**. Insofar as TWC seeks documents unrelated to Plaintiff's termination, its Motion is **DENIED**. TWC's request to depose an MT representative is **DENIED WITHOUT PREJUDICE** to TWC's ability to seek an order permitting such a deposition should it require additional information relating to whether Plaintiff acted wilfully or committed a gross or egregious wrong resulting in her termination. The Court cautions that it will not grant any such motion unless TWC can demonstrate that it is unable to ascertain the nature Plaintiff's termination from the documents produced; or the documents produced suggest that Plaintiff may have acted wilfully or committed a gross or egregious wrong resulting in her termination, and TWC demonstrates that it requires more discovery relating to Plaintiff's actions.

Consistent with the foregoing, TWC's subpoena is modified to exclude requests for

information beyond that already produced by MT and beyond the requests for documents reflecting the reasons for Plaintiff's termination.  MT is **ORDERED** to produce all non-privileged documents responsive to the modified subpoena within fourteen (14) days of the date of this Order.  If TWC seeks additional discovery, it must request such discovery within fourteen (14) days after receipt of MT's production.

        **IT IS SO ORDERED.**

December 29, 2010                                 /s/ *Elizabeth A. Preston Deavers*
                                         Elizabeth A. Preston Deavers
                                       United States Magistrate Judge